UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROGER PIERCE,<br><br>       Plaintiff,<br><br>v.<br><br>LIEUTENANT WILLIAMS, *et al.*,<br><br>       Defendants. | Case No. 22-cv-12767<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR IMMEDIATE EQUITABLE RELIEF (ECF NO. 23)**

  Plaintiff Roger Pierce, a prisoner proceeding pro se, sues officials employed by the Washtenaw County Jail (WCJ) for violating his Eighth and Fourteenth Amendment rights. ECF No. 1. The Honorable Gershwin A. Drain referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 20. Pierce moves for immediate equitable relief. ECF No. 23. The Court **RECOMMENDS** that his motion be **DENIED**.

  Pierce asserts an Eighth Amendment deliberate indifference claim and a Fourteenth Amendment equal protection claim based on defendants' alleged failure to protect. ECF No. 1, PageID.5. Pierce alleges that shortly

after his arrest and detention in the WCJ in December 2020, he started receiving death threats from other inmates. *Id.*, PageID.5-6. Pierce was placed on protective custody and moved to the medical unit but was later removed from protective custody. *Id.* Pierce alleges that he wrote kites complaining about the continued threats but was ignored and denied protective custody. *Id.*, PageID.5-7. Pierce claims that he had an anxiety attack with thoughts of self-harm and seeks monetary damages and an injunction to place him back in the medical unit. *Id.*, PageID.7-8.

    The substance of Pierce's motion is unrelated to his complaint. Pierce seeks an injunction ordering WCJ staff to reinstate his doctor-prescribed diabetic meal plan. ECF No. 23, PageID.329-330, 337. Much of the motion also describes an alleged conspiracy among WCJ staff that violates the Racketeer Influenced and Corrupt Organizations Act. *Id.*, PageID.331-334, 339-341. Pierce made no such allegations or requests for relief in the complaint. Since Pierce's request for injunctive relief is outside the scope of his complaint, it should be denied. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint") (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must

necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

The Court thus **RECOMMENDS** that Pierce's motion for immediate equitable relief be **DENIED** (ECF No. 23).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 21, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
