UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER PIERCE,

      *Plaintiff*,

      v.

LIEUTENANT WILLIAMS, *et al*.,

      *Defendants*.

_____/

Case No. 2:22-cv-12767

District Judge
Gershwin A. Drain

Magistrate Judge
Elizabeth A. Stafford

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#24], OVERRULING PLAINTIFF'S OBJECTIONS [#27], AND DENYING PLAINTIFF'S MOTION FOR IMMEDIATE EQUITABLE RELIEF [#23]**

Before the Court is a Motion for Immediate Equitable Relief filed on June 5, 2023 by Plaintiff Roger Pierce ("Plaintiff"), who proceeds pro se from Washtenaw County Jail. (ECF No. 23). The Court referred this matter to Magistrate Judge Elizabeth A. Stafford (ECF No. 20), who issued a Report and Recommendation on June 21, 2023 (ECF No. 24). Judge Stafford recommends that the Court deny Plaintiff's Motion, as it is impermissibly situated on allegations that are outside the scope of his Complaint. *Id.* at PageID.349–350.

The Court now considers Plaintiff's Objections to Judge Stafford's Report and Recommendation, filed on July 21, 2023. ECF No. 27. Defendants Lieutenant Williams, Sergeant Burlerson, Officer Smolinski, Captain Clifton, Corp. McKay,

1

and Sergeant Dea ("Defendants") filed a timely response on August 4, 2023. Upon consideration of the above-listed filings, the Court finds that Judge Stafford reached the correct conclusion.[1]

## I. PLAINTIFF'S OBJECTIONS

### A. Legal Standard

The Court reviews *de novo* the portions of a report and recommendation to which proper objections are made. Fed. R. Civ. P. 72(b)(3); *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 580 (E.D. Mich. 2014). A party's objections to a report and recommendation must be specific, and they must clearly state the grounds for each objection. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (Quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Objections not currently before this Court have not been preserved for appellate review. "[M]aking some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[1] The Report and Recommendation sets forth the relevant background in this case, and neither party objects to that recitation of the facts. ECF No. 24, PageID.348–349. The Court thus incorporates Judge Stafford's statement of the facts by reference and does not recite them here.

**B.     Discussion**

Plaintiff did not file his Objections in the customary form of a brief. Instead, he resubmits to the Court a portion of the Report and Recommendation with his handwritten response scrawled between the lines and in the margins. ECF No. 27. In large handwritten text covering much of the first page, Plaintiff writes that he objects to "Errors Interpreting My Motion and Complaint's Allegations." ECF No. 27. Plaintiff seemingly asserts that Judge Stafford misunderstood the relief sought in his motion, but he does not direct the Court to any error in the Report and Recommendation. *Id.* In this Circuit, such objections "disputing the correctness of the magistrate's recommendation but failing to specify the findings believed to be in error are too general." *Blankenship v. Comm'r of Soc. Sec.*, No. 13-12547, 2014 U.S. Dist. LEXIS 133757, at *2 (E.D. Mich. Sep. 23, 2014) (quoting *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)) (cleaned up).

The bulk of Plaintiff's arguments are written between lines of text on the second page of his Objections. ECF No. 27, PageID.370. The Court assumes that Plaintiff's assertions are in reference to this text. However, rather than being taken from the Report and Recommendation, the text underlying the second page of Plaintiff's Motion is improperly transposed from the second page of Judge Stafford's Order to Clarify Relief Sought and About Docket Filings—an Order that is not at issue here. ECF No. 25. Though the Court recognizes that Plaintiff may have

3

swapped these pages unintentionally, the irrelevant Order is the only one that Plaintiff appears to articulate an objection to. Any such arguments are not at issue here, and this error has prevented the Court from identifying the portions of the Report and Recommendation Plaintiff finds objectionable.

Irrespective of other issues with Plaintiff's filings, he does not contest Judge Stafford's conclusion that his Motion must be denied because his request is outside the scope of the Complaint. ECF No. 24, PageID.349–350. Plaintiff has thus failed to make specific objections to the Report and Recommendation that are "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer*, 449 F.3d at 725 (6th Cir. 2006). Accordingly, Plaintiff's Objections must be overruled.

## II.   CONCLUSION

For the foregoing reasons, the Court will **ACCEPT AND ADOPT** Magistrate Judge Stafford's Report and Recommendation [#24] as this Court's findings of fact and conclusions of law. Plaintiff's Objections [#27] are **OVERRULED** and Plaintiff's Motion for Immediate Equitable Relief [#23] is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 9, 2023                   /s/ Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          U.S. DISTRICT JUDGE

4

5

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 9, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager