UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER PIERCE,

Plaintiff,

v.

LIEUTENANT WILLIAMS, *et al.*,

Defendants.

Case No. 22-cv-12767
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (ECF NO. 19)**

---

## I.    Introduction

Plaintiff Roger Pierce, a prisoner proceeding pro se, sues Defendants
Lieutenant Williams, Sergeant Burlerson, Officer Smolinski, Captain Clifton,
Officer McKay, and Sergeant Dea, officials employed by the Washtenaw
County Jail (WCJ), for violating his Eighth and Fourteenth Amendment
rights.  ECF No. 1.  The Honorable Gershwin A. Drain referred the case to
the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF
No. 20.  Defendants move to dismiss the case.  ECF No. 19.  The Court
**RECOMMENDS** that defendants' motion be **GRANTED**.

## II.    Background

Proceeding under 42 U.S.C. § 1983 and *Bivens*,[1] Pierce asserts an

Eighth Amendment deliberate indifference claim and a Fourteenth

Amendment equal protection claim based on defendants' alleged failure to

protect.  ECF No. 1, PageID.5.  Pierce alleges that shortly after his arrest

and detention in the WCJ in December 2020, he began receiving death

threats from other inmates.  *Id.*, PageID.5-6.  Pierce was placed on

protective custody and moved to the medical unit but was later removed

from protective custody.  *Id.*  Pierce alleges that he wrote kites complaining

about the continued threats but was ignored and denied protective custody.

*Id.*, PageID.5-7.  Pierce claims that he had an anxiety attack with thoughts

of self-harm and seeks monetary damages and an injunction to place him

back in the medical unit.  *Id.*, PageID.7-8.

## III.    Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal

sufficiency.  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

3

**B.**

A *Bivens* claim challenges an allegedly unconstitutional act by a federal official, while 42 U.S.C. § 1983 concerns the actions of a state official. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Since defendants are not federal officials, they correctly argue that the *Bivens* claim must be dismissed. ECF No. 19, PageID.231. Pierce agrees, stating that he did not intend to assert a *Bivens* claim. ECF No. 22, PageID.311, 315. Thus, Pierce's constitutional claims must proceed under § 1983, and the *Bivens* claim should be dismissed.

**C.**

To succeed on a § 1983 claim, a plaintiff must allege that "(1) the defendant was a person acting under the color of state law, and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Fridley v. Horrighs*, 291 F.3d 867, 871-72 (6th Cir. 2002). Pierce asserts that defendants failed to protect him after he received the death threats, in violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. The Court addresses those claims in turn.

**1.**

Under the Prison Litigation Reform Act (PLRA), "no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e) (cleaned up). The Sixth Circuit has held that while § 1997e(e) prevents prisoners from recovering compensatory damages for mental or emotional injuries, it does not preclude claims for nominal damages, injunctive and declaratory relief, or punitive damages. *Small v. Brock*, 963 F.3d 539, 543-44 (6th Cir. 2020); *King v. Zamaria*, 788 F.3d 207, 213 (6th Cir. 2015). Nor does it preclude recovery on claims alleging constitutional injuries distinct from mental or emotional injury. *Small*, 963 F.3d at 543-44; *King*, 788 F.3d at 213.

Pierce seeks monetary damages of $200,000 from each defendant for causing him mental trauma by putting his life in danger. ECF No. 1, PageID.8. But he does not allege any physical injury. Because Pierce seeks compensatory damages based purely on mental or emotional injury, that claim is barred under § 1997e(e). *See Vontz v. Malone*, No. 2:19-cv-12735, 2022 WL 6601869, at *7 (E.D. Mich. Apr. 6, 2022), *adopted*, 2022 WL 4130763 (E.D. Mich. Sept. 12, 2022) (dismissing a deliberate indifference claim when the plaintiff suffered no physical injuries). Nor does

Pierce seek compensatory damages for constitutional injuries distinct from his alleged emotional injuries.  *See id.*

The complaint also sought injunctive relief, asking that Pierce be placed back in the medical unit, where he was on protective custody.  ECF No. 1, PageID.8.  As discussed, a claim for injunctive relief is not barred under § 1997e(e).  But Pierce argued in his response that the claim has "absolutely nothing to do with [the] need for being on [protective custody]" and that his continued placement on protective custody was somehow improper.  ECF No. 22, PageID.310, 315-318, 322.  Because of this contradiction, the Court ordered Pierce to clarify the relief he seeks for defendants' alleged failure to protect.  ECF No. 25.  Pierce responded with a disjointed, rambling narrative about WCJ officials' alleged conspiracy to deny him medical care, food, and access to the law library, and to infringe on his religious rights.  ECF No. 28, PageID.378-383, 387.[2]  The few

---

[2] Some of Pierce's statements relate to his claims in a different case in which he alleges that WCJ staff refused to give him food compatible with a diabetic diet.  *See Pierce v. Washtenaw Cnty. Jail*, No. 22-12786, Compl., ECF No. 1, Am. Compl., ECF No. 20 (E.D. Mich.).

references to protective custody do not clarify what injunctive relief Pierce seeks relative to his failure-to-protect claim.  *Id.*, PageID.384-385, 389.[3]

Because the Court cannot discern from Pierce's filings what injunctive relief he seeks, the claim should be dismissed.  *See Williams v. Bond*, No. 22-7513, 2023 WL 2784387, at \*2 (D.N.J. Apr. 5, 2023) (dismissing complaint when it was unclear what type of injunction the plaintiff sought). Pierce's filings about the relief sought are "so verbose, confused and redundant that [their] true substance, if any, is well disguised."  *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).  The Court declines to "fish a gold coin from a bucket of mud to identify the allegations really at issue."  *Id.*

## 2.

The Court turns to Pierce's equal protection claim.  "The hallmark of the Equal Protection Clause is that 'all persons similarly situated should be treated alike.'"  *Ryan v. City of Detroit*, 174 F. Supp. 3d 964, 976 (E.D. Mich. 2016) (quoting *City of Cleburne v. City of Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  To state an equal protection claim, a plaintiff must

---

[3] Recognizing that Pierce's filings were not understandable, the Court attempted to obtain pro bono counsel to help him clarify the relief sought. ECF No. 37.  But since no attorneys volunteered to represent him, he must proceed pro se.  *See id.*

plausibly allege that the defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The plaintiff must also plead facts allowing an inference of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019).

Pierce has not alleged that he was treated differently than any other inmate or facts supporting an inference that defendants acted with discriminatory intent. He alleges only that other inmates threatened him and that his kites were ignored. Nor does Pierce allege that his kites were ignored because of discriminatory animus, let alone specify whether the animus was based on race, nationality, or some other protected status.

In his response, Pierce argues that defendants discriminated against him by failing to take him off protective custody after transferring him to a different unit. ECF No. 22, PageID.310. Pierce maintains that "any other prisoner in [the] same circumstances is let off [protective custody] immediately upon moving, showing [that Pierce is] clearly being treated differently." *Id.* (cleaned up). But these allegations are absent from the

8

complaint, and a party may not supplement his pleadings in a response to a dispositive motion.  *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("If plaintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15.  They cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (cleaned up)).

Even if the Court considered these allegations, they do not support Pierce's equal protection claim.  Pierce's argument that he should have been taken off protective custody conflicts with his claim that defendants failed to protect him by *denying* him protective custody.  *See* ECF No. 1, PageID.6.  And Pierce does not allege facts showing that defendants' decision not to take him off protective custody was motivated by discriminatory intent.  Thus, Pierce's equal protection claim should be dismissed.

## IV.   Conclusion

The Court thus **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 19).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 17, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections lack merit, it may rule

without awaiting the response.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2023.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager